PERTH AMBOY DISTRICT COURT.

CONSOLIDATED PLAN OF NEW JERSEY, INCORPORATED, PLAINTIFF, v. JOHN D. GILLIS, DEFENDANT.

Decided May 28, 1936.

For the plaintiff, *Harry J. Cultler*.

For the defendant, *Fleming & Pottler*.

GOLDBERGER, D. C. J.   This suit arises out of a promissory note dated February 8th, 1929, and due one month later.   The defendant was a surety upon said note, the maker not having been joined because of his non-residence or lack of whereabouts.

From records filed in this case, it appears that the summons was received by the clerk of the court on February 5th, 1936, and on the same date signed and sealed by him and returnable February 14th, 1936.   The sergeant-at-arms received said summons and unable to make service within the time fixed by the same, undertook to change the date of issuance and the return date to February 21st, 1936.   Again being unable to serve the defendant within the required time, he once more changed the return date to March 6th, 1936, as well as changed the date of issuance and finally made service.

The defendant now moves for the dismissal of the summons and state of demand on the ground that suit was not started in the six-year period and is barred because of the statute of limitations.   In opposition to the motion, the plaintiff cites the case of *Whitaker* v. *Turnbull*, 18 *N. J. L.* 172, where the rule is stated as follows:

"A suit is actually commenced as soon as the writ is sealed and issued out of the office, in good faith, for the purpose of being served or proceeded on, and that purpose is not afterwards abandoned."

The Practice act provides that every process shall bear date on the day on which the same shall be issued. 3 *Comp. Stat.* 1910, *p.* 4065, § 47. However, we are not concerned with the Practice act. We must follow the procedure established by the District Court act which specifically provides summons shall be tested the date on which it is signed by the clerk. The distinction in various courts is obvious. It is true that the original summons in this case was properly issued and signed by the clerk in the name of the judge on the 5th day of February, 1936, but upon the failure of the sergeant-at-arms or constable to make proper service within the time required by the act, it was his duty to return the same to the clerk of the court and have the clerk issue a new summons and sign and seal the same in accordance with the District Court act.

The action of the sergeant-at-arms in changing the date of issuance and changing the return date is a nullity. These duties are to be performed by the clerk of the court and by him only.

Inasmuch as the District Court act provides that the summons shall be tested on the date it is signed by the clerk, the service of the summons as changed by the sergeant-at-arms from time to time was absolutely void, and being without the six-year period results in a nonsuit, and it is so ordered.